NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERTO CORNEJO-CERVANTES,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70795

Agency No. A205-156-353

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before:     CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Roberto Cornejo-Cervantes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing appeal from an immigration judge's decision denying applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Cornejo-Cervantes does not challenge the agency's determination that he failed to establish a nexus between his past harm in Mexico and a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Further, we reject Cornejo-Cervantes' contention that the agency's analysis of his past persecution claim was legally flawed. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."); *Simeonov*, 371 F.3d at 538 (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's determination that Cornejo-Cervantes failed to establish the harm he fears would be on account of an actual or imputed political opinion. *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009)

(finding a political opinion claim failed where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). In addition, the agency did not err in finding Cornejo-Cervantes' returnee-based social group was not cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group). Thus, Cornejo-Cervantes' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Cornejo-Cervantes failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Delgado-Ortiz*, 600 F.3d at 1152 (generalized evidence of violence and crime in Mexico was not particular to the petitioner and insufficient to establish eligibility for CAT relief). We reject Cornejo-Cervantes' contention that the agency failed to properly consider his CAT claim. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.

2010) (agency need not "write an exegesis on every contention" (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**